Henry Epstein, J.
Plaintiffs are wife and husband. Wife sues for injuries due to alleged negligence of defendants or one of them. Husband sues for damages for expenses past and future and loss of services. Plaintiffs live in the apartment house at 165 West 83rd Street, New York City and have lived in the same house for some 20 years. The elevators in the house were changed from hand operation to push-button automatic service in or about 1945 or 1946. Testimony of witnesses whose credibility is accepted by the court reveals that the mechanism operated satisfactorily and in conformity with the law and applicable regulations of the Building Department of the city. On or about February 18, 1957 there was a violation noted calling for the renewal of the counterweight ropes or chains. These were completed and reinspected on March 28,1957. Everything then was in complete working order. The defendant Armor Elevator Company made regular inspections for operational security and corrections every month and twice monthly. The regulations in effect permitted the floor elevator door (distinguished from the elevator car’s own door) to open when the elevator was either 8% inches below or 12 inches above any floor. This was the “ tolerance ” for emergencies and not the actual distance from the floor when the elevator would come to a normal stop. The latter had a possible inch or at most two inches tolerance. Were this case to be determined on the basis of the conflicting testimony given with respect to the operation of the elevator in question, the court would find for defendants.
However, the evidence as found by the court does not necessitate a balance of the testimony on the operational safety of the elevator in question. Plaintiff says she was returning to her apartment on the seventh floor in company with a neighbor from the same building when she tripped over the floor exit, some five inches or more above the elevator’s floor level. Plaintiff’s neighbor has since been evicted and could not be found to support plaintiff wife’s testimony. Plaintiff husband worked in a bar or night club and had gone to work when plaintiff wife suffered her injury, a fractured ankle. The record of the Roosevelt Hospital at the time plaintiff Ruth Spevack entered for emergency treatment, April 11, 1957 at 12:45 a.m. and the testimony of the attending physician at the time long before any possible thought of this litigation, are convincing. That record
*343 reveals “ alcoholic breath and behavior. Pt. [patient] states she attempted to kick her husband — she is clearly drunk and history is unreliable This was written and signed by the physician in attendance, who treated plaintiff, Dr. Bard Cosman. His entries were made as the surgical resident at the time and his testimony on the witness stand bears out the entry made by him. Nowhere in the record of the hospital is there any reference to the elevator as the cause of plaintiff’s injury. The case of plaintiff and her husband rest wholly on her story which is not believable. Plaintiff husband, asked on cross-examination what he would do if his wife (plaintiff) actually kicked him, said bluntly that he would “ kick her back It is this court’s conclusion that the credible evidence and testimony compel judgment dismissing the complaint of plaintiffs. The case of Buria v. Rosedale Eng. Corp. (7 A D 2d 486) will support this conclusion on the facts dealing with the elevator. In the light of the facts revealed in this case and the credible testimony and evidence, this court does not believe that Mendelovits v. Petal Realty Corp. (4 A D 2d 871) (brief and record read by the court) is applicable.
Judgment dismissing complaint, with costs.